plished by dispensing with the useless space. The same objects were to be accomplished then as now, but he stated his claim in a different form. It was the same machine he was seeking to patent.

Now, if the view which the patent office took is correct, that this claim was simply for casting in two pieces, and he had obtained a patent for that, it would not have covered the object covered by the present patent. The law in such cases prescribes what may be done where the patentee has failed to cover the points of his invention. He can surrender his patent and obtain another. It is the same invention, the same patent, the same drawings, but he has made an error in the presentation of his claim. He cannot only surrender once, but more than once; until his reissued patent covers his invention. It is manifest that the plaintiff here endeavored in all his applications to cover this invention—the same invention. He did not stop upon the rejection on the ground stated, but after some correspondence with his attorney, and some little delay in which he does not appear to be at fault, he presents his claim again in another form. and it covers, as he supposes, the same invention as that sought in his first application; and the commissioner of the patent office must have considered that he was presenting his claim for the same invention, but that he had made an error in his prior claim; otherwise he would not, under the circumstances, have granted his patent upon the second application.

I think it is the same machine, the same invention; a claim for the same thing that he sought originally—which is presented in the last claim; and that the different applications therefore connect themselves together for the purposes of the two years. That is to say, he made his application within the two years after he began to make and sell the machine; and although he failed to get his patent on his first application, for the reason given that the machine was not patentable, in the form in which he put it, he still renews his efforts, and files a new application for the same machine—the same invention—putting in his claim in a different form, and finally obtains the patent for the thing which he really invented, and under the decisions cited—one from the supreme court of the United States, and one from one of the circuit courts—I think his claims connect themselves together; that is, his application for his patent—the thing which he desired to obtain, which he conceived he had invented, when first made—is for the same machine as that for which he has finally obtained his patent upon a corrected application; and he sought to cover the same points in both applications. And he has followed it up, and the interval which elapsed between the rejection of the first and the filing of the later application, does not make a material delay in view of the explanation in the testimony relating to it. His counsel resided in New York at that time. The communica-

tion was by steamer. He began to correspond with his counsel immediately, and he followed the matter up, and finally succeeded in obtaining his patent. I think he has made the connection. The application for this invention is to be regarded as dating from the filing of the first application, he only changing the form of his claim.

These are the main points. There are one or two points I have some hesitation about, but I have concluded to give judgment for the plaintiff.

It only remains to consider the question of damages. That is always a difficult point in patent cases. I have taken into consideration the facts in relation to this class of closets and the prices which the plaintiff sold at before the defendants came into the market as competitors, together with the fact of the reduction of prices caused by competition, and the nearest I can come at it is to allow four dollars a closet; I think that is not extravagant. In the case of Smith v. Prior, the damages are $600; and in the case of Smith v. O'Connor, $632. I shall not, however, double or treble these damages in view of the fact that there is reasonable ground of contest between these parties.

## Case No. 13,096.
### SMITH v. QUEEN.
[1 Cranch, C. C. 483.] [1]
#### Circuit Court, District of Columbia. June, 1808.

COURTS — JURISDICTIONAL AMOUNT — JUDGMENT— PAYMENTS.

In an action of debt on a sealed note, if the verdict be reduced below twenty dollars by payments proved at the trial, judgment of non pros. must be entered.

[Cited in Hellrigle v. Dulany, Case No. 6,-343.]

Debt [by Smith, for the use of Higden, against Nicholas L. Queen], on a note under seal. There were payments proved which reduced the amount due to seventeen dollars and thirty cents.

The verdict is, "We find for the plaintiff and find the sum due on the note to be seventeen dollars and thirty cents."

Mr. Van Horne, for defendant, moved for judgment of non pros., under Act Md. 1796, c. 68, § 9.

Mr. Caldwell. The courts in Maryland are expressly limited. The jurisdiction of this court is general. See Act Cong. Feb. 27, 1801, § 5 (2 Stat. 106), and May 3, 1802, § 4 (2 Stat. 194). If the defendant can defeat the plaintiff before a justice of the peace, by not pleading discount, &c., and can defeat the plaintiff in this court by pleading discount, the plaintiff would be totally defeated. The plaintiff cannot always ascertain what sum he ought to credit. The defendant may refuse to settle accounts, &c.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Curia advisari vult. December term, 1808, judgment of non pros. was entered. See Woolley v. Cloutman, 1 Doug. 244; Wase v. Wyburd, Id. 246; Ailway v. Burrows, Id. 263; Wiltshire v. Lloyd, Id. 381, 382; Pitts v. Carpenter, 2 Strange, 1191.

## Case No. 13,097.

### SMITH et al. v. REYNOLDS et al.

[10 Blatchf. 85; 3 O. G. 213; Cox. Manual Trade-Mark Cas. 225; 6 Am. Law T. 38.] [1]

Circuit Court, S. D. New York. June 20, 1872.

TRADE-MARK — DECLARATION UNDER OATH — CERTIFICATE BY COMMISSIONER OF PATENTS.

Section 77 of the act of July 8th, 1870 (16 Stat. 210), provides, as a requirement for obtaining a trade-mark, the filing, in the patent office, of a declaration, under oath, as to the right to the trade-mark. A certificate by the commissioner of patents, of the deposit, for registration, of a trade-mark, of which a copy is given, and of the filing of a statement, of which a copy is annexed to the certificate, (but which statement does not contain any such declaration,) and that the party depositing the trade-mark has otherwise complied with the act, and that the trade-mark has been registered and recorded, and will remain in force for a period named in the certificate, is not evidence of the filing of such declaration.

[2] [This was a motion for an injunction in a suit brought by J. Lee Smith & Co. against Robert Reynolds and Samuel Jacobs, doing business as Reynolds & Jacobs, to restrain the defendants from the further alleged infringement of a trade-mark, which the complainants claimed to have registered in accordance with the provisions of the act of congress of July 8, 1870. The only question that appears to have been considered upon the hearing of the motion was the sufficiency of the complainants' proofs as to the regularity of the registration upon which they relied. For proof upon this point they produced a certificate signed by the commissioner of patents, and under the seal of the patent office, said certificate being to this effect, viz., that "J. Lee Smith & Co., of New York, did, on the 30th day of December, 1870, deposit in the United States patent office, for registration, a certain trade-mark for paints, whereof a copy is hereto annexed; that they filed therewith the annexed statement; and having paid into the treasury of the United States the sum of twenty-five dollars, and otherwise complied with the act of congress in such case made and provided, the said trade-mark has been duly registered and recorded in the said patent office, and will remain in force for thirty years from the twenty-first day of February, one thousand eight hundred and seventy-one."

[The statement accompanying this certificate was as follows: "To all whom it may concern: Be it known that we, J. Lee Smith & Co., of the city of New York, of the county and state of New York, use a trade-mark for paints, of which the following, together with a fac-simile hereto attached, is a correct description. The said trade-mark consists of the illustration of a crown, as is clearly shown in the fac-simile. It is applied as a brand, by stencil-plate or die, to the casks, cases, or vessels containing the said paint, printed upon labels or wrappers which are applied to said cases or vessels, or upon the business cards, notices, or placards advertising the paints to the public."] [2]

John Hough, for plaintiffs.
Frederic S. Blount, for defendants.

BLATCHFORD, District Judge. This bill is founded on a statutory right to a trade-mark, claimed under the provisions of sections 77 to 84 of the act of July 8th, 1870 (16 Stat. 210–212). Section 77 provides, that any firm domiciled in the United States, "and who are entitled to the exclusive use of any lawful trade-mark, or who intend to adopt and use any trade-mark for exclusive use within the United States, may obtain protection for such lawful trade-mark, by complying with the following requirements." One of those requirements is, "the filing," in the patent office, "of a declaration, under the oath of * * * some member of the firm, to the effect, that the party claiming protection for the trade-mark has a right to the use of the same, and that no other person, firm or corporation has the right to such use, either in the identical form, or having such near resemblance thereto as might be calculated to deceive, and that the description and fac-similes presented for record are true copies of the trade-mark sought to be protected." On complying with these requirements, the trade-mark is to remain in force for thirty years from the date of the registration. The bill avers the filing of such declaration. The defendants, in their answer, put in issue this allegation, among others, and require proof of the same. No proof is given that such declaration was filed. A certificate is produced, signed by the commissioner of patents and under the seal of the patent office, setting forth, that "J. Lee Smith & Co.," of New York, (which is a firm composed of the plaintiffs,) did, on the 30th of December, 1870, deposit in the patent office, for registration, "a certain trade-mark for paints, of which a copy is hereto annexed; that they filed therewith the annexed statement, and, having paid into the treasury of the United States the sum of twenty-five dollars, and otherwise complied with the act of congress in such case made and provided, the said trade-mark has been duly registered and recorded in the said patent office, and will remain in.

---

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission. Cox, Manual Trade-Mark Cas. 225, contains only a partial report.]

[2] [From 3. O. G. 213.]

[2] [From 3. O. G. 213.]